*597 OPINION.
Aeundell :
The answer to the question is to be found in the proper construction of section 23 (b) of the Revenue Act of 1928, which reads as follows:
Interest. — All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations or securities (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from taxation under this title.
The parties have proceeded on the theory that the money obtained from the bank by petitioner was a loan, with the deficiency warrants of the state and its political subdivisions being hypthecated as security therefor. This we think is the correct approach. Prior to the transaction in question the various state and municipal obligations had become the property of petitioner and were fully paid for by it, as they represented payments to petitioner for machinery sold" to the state and its subdivisions. It is quite apparent, then, that the money advanced to the petitioner on the warrants did not represent “ indebtedness incurred or continued to purchase * * * obligations or securities * * * the interest upon which is wholly exempt - from taxation * * This brings us to the real question, and that is, Was the interest here in controversy interest paid on “ indebtedness incurred or continued * * * to carry obligations or securities * * * the interest upon which is wholly exempt from taxation?”
We have been referred to no authoritative decision on the question. Opposing counsel both referred to First National Bank of Wichita, 19 B. T. A. 744; aff'd., 57 Fed. (2d) 7; and to Brown Crummer Co., 19 B. T. A. 750, but these cases offer little help. Denman v. Slayton, 282 U. S. 216, construed section 214 (a) (2) of the Revenue Act of 1921, which section corresponds to section 23 (b) of the Revenue Act of 1928, but the facts there involved, as well as the question, were different.
The statute was manifestly designed to prevent the purchaser of tax-exempt securities from deducting interest paid for borrowed money, which money was used to acquire securities the interest on which could not be taxed by the Federal Government. Denman v. Slayton, supra. We think the exception in the statute should not be construed more broadly than to effect its obvious purpose. It was not intended to penalize legitimate business or to deny to it the right to deduct interest paid for borrowed money, which money was used for the purpose of carrying on its regular functions. The warrants *598 held by petitioner were received in payment for goods sold and they were apparently given because the state or its subdivisions could not at the time pay cash. They in no true sense of the word represented investments by petitioner, as it preferred at all times to get its cash out of them. The fact that in making the loan the petitioner hypothecated the warrants does not alter the fact as stipulated that the cash as borrowed was for the purpose of operating its business. It was not used to buy or secure the warrants in any sense of the word.
It follows that interest paid by petitioner in the amount of $13,543.04 constitutes a proper deduction.

An order will issue finding an overpayment of tax for the year 1929 in the sum of $Slfi.38.